**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL MCGUIRE & | : | |
| ANGELIQUE MCGUIRE, H/W | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | NO.  13-3746 |
| | : | |
| SAFEWARE, INC. ET AL., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                                September 17, 2013

Currently pending before the Court is a Motion for Remand by Plaintiffs Michael and

Angelique McGuire.  For the following reasons, the Motion is granted.

**I.      FACTUAL BACKGROUND**

On March 1, 2013, Plaintiffs Michael and Angelique McGuire commenced this action,

via issuance of a Writ of Summons with the Philadelphia Court of Common Pleas, against

Defendants Safeware, Inc. ("Safeware"), Scott Technologies, Inc. ("Scott"), and Tyco

International, Inc. ("Tyco") (collectively "Defendants").  (Pls.' Mot. Remand, Ex. A.)

Thereafter, on June 18, 2013, Plaintiffs filed their Complaint alleging claims for negligence,

products liability, breach of warranty, failure to warn, and loss of consortium against all

Defendants.  (Id., Ex. B.)  The claims arose out of the alleged malfunction of a "Scott AV-2000"

respiratory protection mask that was being used in the course of Plainiff Michael McGuire's

duties as a firefighter.  (Compl. ¶¶ 13–14.)  Service was effected on Defendant Safeware on June

19, 2013, on Defendant Tyco on June 21, 2013, and on Defendant Scott on June 27, 2013.  (Pl.'s

Mot. Remand, Exs. C & D.)  Subsequently, on July 2, 2013, Defendant Safeware unilaterally

filed a Notice of Removal to federal court.

On July 26, 2013, Plaintiffs filed a Motion to Remand this case back to state court.

Defendant Safeware responded on August 9, 2013, Scott filed a Joinder in Safeware's Response

on the same day, and Plaintiffs filed a Reply Brief on August 16, 2013.  The Court now turns to a

discussion of the Motion's merits.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if

the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  A

defendant seeking removal of an action must file a petition for removal with the district court

within thirty days of plaintiff's service of the complaint upon defendant.  See 28 U.S.C. §

1446(b).  "The defendant bears the burden of establishing removal jurisdiction and compliance

with all pertinent procedural requirements."  Winnick v. Pratt, No. Civ.A.03-1612, 2003 WL

21204467, at *2 (E.D. Pa. May 20, 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108,

111 (3d Cir. 1990)); see also Palmer v. Univ. of Med. and Dentistry of N.J., 605 F. Supp. 2d 624,

627 (D.N.J. 2009) ("A party opposing remand must show that removal was proper.").

Once an action is removed, a plaintiff may challenge removal by moving to remand the

case back to state court.  Cook v. Soft Sheen Carson, Inc., No. Civ.A.08-1542, 2008 WL

4606305, at *1 (D.N.J. Oct. 15, 2008) (citing 28 U.S.C. § 1447(c)).  Remand to the state court is

appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal

process."  PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993).  Remand is mandatory and

can occur at any time during the litigation if the court determines that it lacks federal subject

matter jurisdiction.  Kimmel v. DeGasperi, No. Civ.A.00-143, 2000 WL 420639, at *1 (E.D. Pa.

Apr. 7, 2000) (citing 28 U.S.C. § 1447(c)).  A motion to remand the case on the basis of any

defect in the removal procedure, however, must be submitted within thirty days after filing of the

notice of removal under section 1446(a).  28 U.S.C. § 1447(c); N. Penn Water Auth. v. Bae Sys.

Aerospace Elec., Inc., No. Civ.A.04-5030, 2005 WL 1279091, at *5 (E.D. Pa. May 25, 2005).

When faced with a motion to remand, "it is always the removing party's burden to prove the

propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved

in favor of remand."  Lumbermans Mut. Cas. Co. v. Fishman, No. Civ.A.99-929, 1999 WL

744016, at *1 (E.D. Pa. Sep. 22, 1999) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851

(3d Cir. 1992)); see also Boyer, 913 F.2d at 111 (The removal statutes "are to be strictly

construed against removal and all doubts should be resolved in favor of remand.") (quoting Steel

Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

III.    DISCUSSION

Plaintiffs' current Motion does not contest this Court's subject-matter jurisdiction over

the case, but rather seeks remand based on a purely procedural defect.  Specifically, Plaintiffs

argue that the removing Defendant, Safeware, has failed to comply with the "unanimity rule"

because Defendants Scott and Tyco neither joined in the notice of removal nor consented to the

removal.

The right to remove a case from state to federal court is vested exclusively in "the

defendant or defendants."  28 U.S.C. § 1441(a).  Section 1446, which governs removal, "has

been construed to require that when there is more than one defendant, all must join in the

removal petition." Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985); Granovsky v. Pfizer, Inc.,

631 F. Supp. 2d 554, 559 (D.N.J. 2009).  The requirement that all defendants agree to the

removal is known as the "unanimity rule." Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 n.4

(3d Cir. 1995).  Unanimity may be expressed by defendants either jointly filing the notice of

removal or consenting to the removal by separate filing.  Moore v. City of Phila., No. Civ.A.12-

3823, 2012 WL 3731818, at *3 (E.D. Pa. Aug. 29, 2012); Weinrach v. White Metal Rolling and

Stamping Corp., No. Civ.A.98-3293, 1999 WL 46627, at *1 (E.D. Pa. Jan. 6, 1999).  "[T]he

failure of all defendants to remove creates a 'defect in removal procedure' within the meaning of

§ 1447(c), but is not deemed to be jurisdictional." Balazik, 44 F.3d at 213; see also McGlinchey

v. Hartford Accident and Indem. Co., 866 F.2d 651, 653 (3d Cir. 1989)).[1]  The Third Circuit has

enumerated only three exceptions to the rule: (1) where the non-joining defendant is a nominal

party; (2) where a defendant has been fraudulently joined; or (3) where the non-joining defendant

was not served at the time the notice of removal was filed.  Balazik, 44 F.3d at 213 n.4.

In the case at bar, Defendant Safeware unilaterally filed a Notice of Removal on July 2,

2013.  Although it was timely filed within thirty days after Safeware had been served, the Notice

was not joined by Defendants Scott or Tyco (the "non-removing Defendants") and did not

include explicit consent forms signed by them.  Safeware does not contend that the non-removing

Defendants were nominal parties or were fraudulently joined.  Nor is there any question that the

---

[1]  This Court takes note that there are relatively few appellate cases addressing issues of remand.  This absence of relevant appellate jurisprudence occurs due to 28 U.S.C. § 1447(d)'s provision that, with limited exceptions, that "an order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d).

non-removing Defendants were served with the Complaint prior to the filing of the removal petition.  Simple application of the rule of unanimity thus renders the removal procedurally defective, thereby requiring remand to state court.

Defendant Safeware attempts to rebut this conclusion by arguing that Scott's consent (on behalf of both Scott and Tyco)[2] is implicit from its litigation in federal court.  Specifically, on July 5, 2013, counsel for Scott sought to obtain Safeware's consent to its intended removal of this action.  Counsel for Safeware then advised that Safeware had already removed the case three days earlier.  (Def. Safeware's Opp'n Mot. Remand, Ex. H.)  Thereafter, on July 10, 2013, Scott answered Plaintiffs' Complaint in the United States District Court for the Eastern District of Pennsylvania, (id., Ex. I), and, the same, day, filed its Disclosure Statements with the Court.  (Id., Ex. J.)  On July 26, 2013, Scott then responded to Safeware's cross-claims and asserted its own cross-claim.  (Id., Ex. K.)  Removing Defendant Safeware now argues that, by both its communications to counsel for Safeware and its litigation of the matter in this Court, Scott expressly consented to the removal.

The Court finds this argument meritless.  As noted above, "[i]n order for removal to be proper, all defendants must unanimously join or consent to the removal through a timely-filed, express written indication of consent."  Lewis v. Consol. Freightways Corp. of Del., No. Civ.A.04-6102, 2005 WL 503317, at *2 (E.D. Pa. Feb. 28, 2005).  Under the "timely-filed" aspect of the unanimity rule, all defendants must act to confer consent within the thirty-day period set forth in 28 U.S.C. § 1446(b) and courts are without authority to expand this time

---

[2]  According to Defendants, the actual name of Scott Technologies is Scott Safety d/b/a Scott Health & Safety and Tyco International, Inc.

period.  Alves v. Eagle Crane Serv., Inc., No. Civ.A.05-6699, 2006 WL 1030244, at *2–3 (E.D.

Pa. Apr. 19, 2006).  The parameters of the "express written indication" requirement are

somewhat hazier.  "While courts generally do not require all defendants to sign the removal

petition itself, most courts have required some form of unambiguous *written* evidence of consent

to the court in timely fashion."  Michaels v. N.J., No. Civ.A.96-3557, 1996 WL 787613, at *5

(D.N.J. Nov. 8, 1996) (emphasis in original).  In other words, there must be some "written

indication from each defendant, or some person or entity purporting to formally act on its behalf

in this respect and to have authority to do so, that it has actually consented to such action."

Ogletree v. Barnes, 851 F. Supp. 184, 188 (E.D. Pa. 1994) (quotations and emphasis omitted);

see also Morganti v. Armstrong Blum Mfg. Co., No. Civ.A.00-6343, 2001 WL 283135, at *2

(E.D. Pa. Mar. 19, 2001) ("[C]onsent to join a notice of removal must be express, official, and

unambiguous.").

It remains well-established that "it is not enough for defendants who have not signed the

removal petition to merely advise the removing defendant that they consent thereto, or for a

removing defendant to represent such consent to the court on behalf of the other defendants."

Michaels, 955 F. Supp. at 320.  "Rather, most courts require all defendants to voice their consent

directly to the court."  Id.  To that end, oral consents and email exchanges among counsel do not

constitute satisfactory consent.  Id.; see also Grigsby v. Kansas City S. Ry. Co., No. Civ.A.12-

0776, 2012 WL 3526903, at *2 (W.D. La. Aug. 13, 2012).  Moreover, "one defendant's attempt

to speak on behalf of another defendant will not suffice."  Landman v. Borough of Bristol, 896 F.

Supp. 406, 409 (E.D. Pa. 1995); see also Granovsky v. Pfizer, Inc., 631 F. Supp. 2d 554, 563

(D.N.J. 2009); Green v. Target Stores, Inc., 305 F. Supp. 2d 448, 450 (E.D. Pa. 2004).

It is equally settled that a defendant's mere entry of appearance in federal court will not manifest consent.  Leuzzi v. Dollar Tree stores, Inc., No. Civ.A.05-4814, 2005 WL 2972982, at *1 (E.D. Pa. Nov. 4, 2005).  By the same token, a non-joining defendant's filing of responsive pleadings or motions to dismiss in federal court does not explicitly evidence consent sufficient to satisfy § 1446(b).  See Ramos v. Quien, 631 F. Supp. 2d 601, 607 n.2 (E.D. Pa. 2008) (rejecting argument that counsel's appearance and filing of a motion to dismiss in federal court evidences consent to removal); Grigsby, 2012 WL 3526903, at *2 ("The mere filing of an answer does not constitute an expression of consent. . . .  The filing of responsive pleadings may be no more than a careful lawyer's decision to avoid the risk of default, and the filing of a corporate disclosure statement is required by local rule."); Hicks v. Emery Worldwide, Inc., 254 F. Supp. 2d 968, 975 (S.D. Oh. 2003) ("[A] nonremoving defendant's filing of motions or pleadings in federal court without explicitly indicating consent to or jurisdiction in the removal is insufficient to satisfy the requirements of § 1446.").

In the present case, Defendants Scott and Tyco neither joined the Notice of Removal nor filed with the Court any express written consent to the removal.  Moreover, Scott's July 5, 2013 email to Safeware's counsel indicating its intent to remove—a communication not provided to this Court until Safeware's August 9, 2013 brief in opposition to the Motion to Remand—is insufficient to constitute an expression of intent to the Court within the thirty-day time limit.  Finally, the non-removing Defendants' submission of an Answer to the Complaint, Notice of Disclosure, and Answer to Cross-claim does not constitute the requisite express written indication from each defendant that it has actually consented to such action.  Indeed, having been served with a complaint and cross-claim, the non-removing Defendants were under certain time

constraints to file their own responsive pleadings.  Simple compliance with legal obligations

required to avoid either violation of the Federal Rules or a default judgment does not manifest

itself as implied consent to litigation in federal court.[3]

In a last-ditch attempt to avoid remand, Defendant Safeware argues that it should be

entitled to rely on Scott's current joinder in the Motion to Remand as an effort to "cure" its

procedural defect, despite the fact that this joinder comes well outside the thirty-day time limit

set forth by § 1446(b).  In support of this position, it cites to two cases from the Ninth Circuit and

one case from the United States District Court for the District of Maine, each of which allowed

removing defendants who have failed to satisfy the rule of unanimity to cure the defect by

obtaining joinder of all defendants prior to the entry of judgment.  See Destfino v. Reiswig, 630

F.3d 952, 956–57 (9th Cir. 2011); Soliman v. Philip Morris Inc., 311 F.3d 966 (9th Cir. 2002);

---

[3]  The cases cited by Safeware in support of its contention that active participation in litigation can constitute implicit consent are distinguishable from the present case.  First, in Wiltz v. Middlesex Cnty., 249 F. App'x 944 (3d Cir. 2007), Hafiz v. Greenpoint Mtg. Funding, 409 F. App'x 70 (9th Cir. 2010), and Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72 (1st Cir. 2009), the appellate courts all excused an untimely cure of a rule of unanimity violation where a judgment on the merits had been entered subsequent to the cure.  See Wiltz, 249 F. App'x at 948 ("'[T]o wipe out thee adjudication postjudgment and return to state court a case . . . satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice.'") (citations omitted); Hafiz, 409 F. App'x at 71 ("When a judgment is made on the merits, an appellate court is not required to remand if procedural defects in removal were cured before entry of judgment."); Esposito, 590 F.3d at 77 (holding that because a cure prior to entry of summary judgment, a reversal and remand to state court was not warranted); see also Destfino, 630 F.3d 952, 956–57 (9th Cir. 2011)  Unlike those cases, this case has not proceeded to an adjudication on the merits, let alone appeal, thus nullifying any reliance by Defendants on the notion of judicial economy.
      Moreover, in Januszka v. Kemper Ins. Co., No. Civ.A.94-2242, 1994 WL 236463 (E.D. Pa. May 26, 1994), the court stated, in *dicta*, that consent "may be manifested by action that unequivocally accepts the federal court's jurisdiction, such as the filing of an answer on the merits." Id. at *1.  Yet, as expressly conceded by Safeware, the court later held that filing of an answer is not consent. Id. at *3.

Samaan v. St. Joseph Hosp., 685 F. Supp. 2d 163, 165–67 (D. Me. 2010).  In this Circuit, however, it is well-established that "[t]he subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected by the Court."  Cacoilo v. Sherwin-Williams Co., 902 F. Supp. 2d 511, 518 (D.N.J. 2012); see also McCarrie v. GCA Servs. Grp., Inc., No. Civ.A.10-531, 2010 WL 1741353, at *4 (E.D. Pa. Apr. 29, 2010) (noting that in order to be effective, consent must not only be expressed in writing, but timely filed as well; the court is without authority to expand the thirty-day period set forth in § 1446(b)); Alves, 2006 WL 1030244, at *3 (declining to allow "cure" to procedural defect by accepting joinder in removal eleven days after the thirty-day deadline since the deadline whereby defendants must file or join in a notice of removal is mandatory and may not be expanded by the court); Carter v. Ingersoll-Rand Co., Inc., No. Civ.A.00-6438, 2001 WL 238540, at *1 (E.D. Pa. Mar 12, 2001) ("Equally well established is the rule that each defendant must join in the notice of removal or express its consent to removal within the thirty-day period defined in § 1446(b)."); Ogletree, 851 F. Supp. at 190 ("While a few courts have allowed non-signing defendants to submit affidavits of consent after the thirty-day period had expired, it is well-settled in this district that '[t]he thirty-day limitation is mandatory and the court is without authority to expand it.'") (citations omitted).  Accordingly, the Court rejects any current efforts by Scott to provide consent to removal.

As noted above, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  Given that overarching principle, the Court finds no basis on which to excuse Defendant Safeware's failure to comply with the rule of unanimity by obtaining the timely,

written consent of all named Defendants.  Accordingly, removal of this case is improper and §

1446(b) requires that it be remanded to the state court.[4]

## IV.      CONCLUSION

For all of the reasons set forth above, the Court finds that Defendants have failed to

comply with the rule of unanimity, thereby rendering the removal to this Court defective.

Accordingly, Plaintiffs' Motion to Remand shall be granted and the case shall be returned to state

court.

---

[4] Notably, Plaintiffs seek costs and attorneys' fees incurred in their filing of the Motion to Remand.  Pursuant to 28 U.S.C. § 1447(c), when a court grants a plaintiff's motion to remand, the court retains the discretion to mandate that the removing defendant(s) reimburse the plaintiff for associated costs and expenses, including attorney's fees.  Nothing in the facts of record, however, suggests that Defendant Safeware acted in bad faith or with extreme lack of diligence in failing to obtain all Defendants' consent.  Accordingly, the Court declines to award attorneys' fees and expenses at this time.